■ In the Matter of ELISSA Y. KILLIAN, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [831 NYS2d 275]—

Per Curiam. Respondent was admitted to practice by this Court in 1988 and maintains a law office in the Town of Liberty, Sullivan County.

Petitioner commenced this disciplinary proceeding against respondent as the result of a complaint filed by a client who respondent represented in a custody matter. Petitioner charged respondent with neglecting her client's case (*see* 22 NYCRR 1200.30 [a] [3]), failure to communicate with her client (*see* 22 NYCRR 1200.3 [a] [5]), failure to cooperate with petitioner's investigations (*see* 22 NYCRR 1200.3 [a] [5]) and failure to comply with a subpoena issued by this Court (*see* 22 NYCRR 1200.3 [a] [5]; 806.4 [e]). Respondent's failure to answer the petition prompted this motion by petitioner for a default judgment. Respondent has filed an affirmation and several letters in opposition to the motion. Notwithstanding respondent's submissions, she has failed to provide any explanation for not timely filing and serving an answer to the petition. Moreover, a review of the record reveals that respondent failed to cooperate with petitioner in disclosing status reports concerning her representation of her client and failed to pay stenographic charges for her July 21, 2006 subpoena examination which were due August 11, 2006.

Accordingly, petitioner's motion for a default judgment is granted with respect to charge IV, specification 5, failure to provide petitioner with updated information concerning her handling of her client's case, and specification 6, failure to pay the stenographic fee incurred as a result of respondent's July 21, 2006 subpoena examination, and respondent is found guilty of those specifications.

Based on the above, we conclude that respondent should be suspended from the practice of law for six months, effective immediately, with the suspension stayed upon the following conditions: (1) that respondent remit $227 to petitioner for the outstanding stenographer's bill within 30 days of the date of this decision; (2) that respondent file an attorney registration statement with the Office of Court Administration, pay the required registration fee, and provide petitioner with proof of such compliance within 30 days of the date of this decision; and (3) that respondent not be the subject of further professional discipline during the period of the stayed suspension. If respondent fails to remit the stenographer's fee to petitioner, or fails to register and pay the required registration fee within the time

required, petitioner shall promptly apply to this Court for an unconditional order of suspension.

Mercure, J.P., Crew III, Spain, Carpinello and Lahtinen, JJ., concur. Ordered that petitioner's motion for a default judgment is granted to the extent that respondent is found guilty of charge IV, specifications 5 and 6 as set forth in the petition; and it is further ordered that respondent is suspended from the practice of law for a period of six months, effective immediately, and until further order of this Court, which suspension is stayed upon the terms and conditions set forth in this decision.